[No. 4688.]

FLUKE ET AL. v. FORD.

1. **Water Rights—Conveyances.**

Where a party owned a half interest in a certain irrigating ditch and the water decreed to such ditch, which he used to irrigate certain land, and also owned twenty inches of water decreed to another ditch which by consent of the parties interested he diverted through the former ditch and used in irrigating the same land, a deed conveying said land together with one-half interest in the ditch and "one-half interest in the water belonging to said ditch, or that is entitled to run through the same either by decree, appropriation or ownership," conveyed the twenty inches of water.

2. **Water Rights—Quieting Title—Decree—Change of Place of Diversion.**

In an action to quiet title to a water right the court has not power to adjudge and decree a change in the point of diversion of such water right from one ditch to another although such change had been recognized and consented to by the immediate parties and the owners of the two ditches.

*Appeal from the District Court of Delta County: Hon. Theron Stevens, Judge.*

Mr. S. S. SHERMAN, for appellants.

Mr. A. R. KING and Mr. MILTON R. WELCH, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court.

Action to quiet title to a water right. From a judgment for plaintiff Ford, defendant Fluke appeals. William McMillan is the common source of title. The plaintiff Ford deraigns title by a deed of conveyance from William McMillan to Wiley J. McMillan, and from the latter to her; while defendant Fluke claims under a deed of conveyance to him by William McMillan. The deeds which evidence plaintiff Ford's title are earlier in point of time but later in record than that to defendant William Fluke, but this is not important, because when Fluke bought he had actual knowledge and notice of Ford's rights and claims.

In the deed from William McMillan to Fluke the specific twenty inches of water here in dispute are described, and there is no question that, if McMillan then owned the water right, it thus passed to Fluke. If, however, William McMillan, by his earlier deed to Wiley J. McMillan, conveyed this water right, then plaintiff's right is superior. Whether Wiley's deed passed the water right must be determined from the deed itself and the circumstances attending the transaction of sale.

William McMillan conveyed to Wiley J. McMillan a certain tract of land specifically described, and in the deed was the further following granting clause: "Together with one-half interest in the irrigation ditch known as the Clear Fork ditch and one-half interest in the water belonging to said ditch, or that is entitled to run through the same either by

decree, appropriation or ownership.'' William Mc-Millan, the grantor, says that he did not sell and it was not his intention to convey to Wiley J. McMillan the twenty inches of water in dispute; while Wiley, the grantee, says that it was the intention of his grantor to sell and convey and his intention to buy these twenty inches of water, which intent is evidenced by the language above quoted, when considered in the light of the surrounding circumstances.

The facts are that this identical amount of water had been used for irrigating the particular land before it was sold by William to Wiley, and was continuously used by Wiley in irrigating the same until the latter conveyed it to plaintiff Ford, and by the latter until defendant diverted it to his own use elsewhere. At the time of the conveyance to Wiley, William owned one-half interest in the Clear Fork ditch and one-half interest in the water belonging thereto which had been decreed to it in the appropriate statutory proceedings. He also owned the twenty inches of water in controversy, which originally had been decreed as a part of the appropriation of the Fluke ditch, taking water from the same stream in the same water district. By an arrangement between William McMillan and other persons interested in the Fluke and Clear Fork ditches William received a deed of conveyance of twenty inches of water belonging to the Fluke ditch appropriation which he was permitted to divert, and which, by himself, tenants and grantees was diverted and applied to the land now owned by plaintiff Ford through the head gate of the Clear Fork ditch.

The court found that William McMillan owned this water right at the time he executed his deed of conveyance to Wiley, and that by agreement of all parties concerned it had been theretofore diverted and used through the Clear Fork ditch in irrigating

the particular tract thereby conveyed, and that it was the intention of both the grantor and grantee that it should pass by the conveyance and was included within the description above given. The quoted language is broad enough to include it, and color is given to the findings by the words "or that is entitled to run through the same either by decree, appropriation or ownership." The preceding language of the clause in express words transferred all of William's interest and title in the physical Clear Fork ditch and all of his title to the water belonging thereto which was evidenced by the decree, and which was a one-half interest in both. And by the concluding portion of the clause the twenty inches could be and—in view of the findings on the oral and other record evidence that William owned it and caused it to be run through the Clear Fork ditch to irrigate the Wiley lands—were conveyed because such water was, so far as concerns the parties to the deed, "entitled to run through the same." The testimony being directly in conflict upon this point, we are precluded, under the established rule in this jurisdiction, from disregarding the findings of the trial court, since there was evidence tending to sustain it. Upon the main question, then, the decree quieting title in plaintiff must be affirmed.

As part of the decree, though such relief was not specifically prayed, the court ordered that this particular water right, which originally belonged to the appropriation of the Fluke ditch, be disconnected therefrom and diverted and enjoyed through the Clear Fork ditch. In other words, the court authorized a change in the point of diversion of this particular water from the Fluke ditch to the head gate of the Clear Fork ditch. This decree was made after the passage by our general assembly of an act authorizing and prescribing a particular procedure in court

for the change in the point of diversion of water taken from a natural stream.—Session Laws 1899, p. 235. This act was construed in *New Cache la Poudre I. Co. v. Water S. & S. Co.*, 29 Colo. 469, where it was held applicable to changes that were not perfected at the time it took effect, and it was also said that there was no constitutional objection to the act as applied to a vested right to such change which accrued before its passage.

The facts are here that while by an arrangement between the parties to the transaction consent was given to change the point of diversion from one ditch to another, and while as between the parties to that agreement the same may be binding, yet as we held in the case just referred to the parties by such arrangement cannot bind other appropriators or the state and its officers who, under the statutes, are charged with the duty of distributing water in accordance with decrees of the court on that subject. This portion of the decree therefore cannot be sustained. While the change of the point of diversion from the Fluke to the Clear Fork ditch had been made and was recognized and consented to by the immediate parties, and probably by all the owners of the two ditches, consent thereto by the water·commissioner and by other appropriators from the same stream in the same water district was withheld, and no decree permitting the change was rendered, as required by the act adverted to. The water commissoner testifies that when no objection was made he permitted the change to be made, but did not, as indeed he could not, recognize its validity. When objection was made, he refused to permit the water to flow through the Clear Fork ditch, but turned it into the Fluke ditch, in accordance with the decree.

The district court in this action, whose primary object was to obtain a decree quieting title to a water right, had not the power to adjudge that a change in the point of diversion thereof might be made. That can be done only in proceedings under the act so providing, in the appropriate court, where all persons affected by such change are duly notified, and not until it appears that their rights are not injuriously affected.

Some other questions are discussed by counsel, but in vew of the conclusion which we have reached, they are not important, and their determination would not change the same.

The decree of the lower court is modified to the extent that it allows a change in the point of diversion from the Fluke to the Clear Fork ditch of the twenty inches of water in dispute, and authorizes the water commissioner to proceed in accordance therewith. In other respects the judgment is affirmed. The cause is remanded to the district court with instructions to enter a modified decree in accordance with the views expressed in this opinion.

*Judgment modified.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE STEELE concur.