[No. 4776.]

THE NEW CACHE LA POUDRE IRRIGATING COMPANY v.
THE ARTHUR IRRIGATION COMPANY ET AL.

**Water and Water Rights—Change of Point of Diversion—
Statutory Construction.**

The act of 1899 (Sess. Laws '99, p. 235), prescribing a procedure for changing the point of diversion by the owner of a water right, applies to changes made before the act took effect, and the district court has no jurisdiction to require a water commissioner to recognize a change in the point of diversion by an owner who has not complied with the provision of such act. —P. 533.

*Appeal from the District Court of Larimer County.
Hon. James E. Garrigues, Judge.*

Action by The Arthur Irrigation Company and others against C. C. Hawley, water commissioner, and The New Cache la Poudre Irrigating Company, intervenor. From a judgment in favor of plaintiffs, intervenor appeals.   *Reversed and remanded.*

Mr. JAMES W. McCREERY, for appellant.

Messrs. RHODES & LEE, for appellees.

CHIEF JUSTICE GABBERT delivered the opinion of the court:

By statutory proceedings, priorities to the use of water in Water District No. 3, from the Cache la Poudre river, were adjudicated in April, 1882. By these proceedings the Watrous, Whedbee & Secord Ditch, hereafter referred to as the Watrous ditch, and the respective ditches of The New Cache la Poudre Irrigating Company and The Fort Collins Irrigating Canal Company were awarded certain priorities. The Arthur Irrigation Company has succeeded to the rights of the latter company. The Arthur company is the owner, as the successor by purchase, of a part of the priorities awarded the Watrous ditch, and claims that the water

represented by the rights so purchased has been diverted through the ditch purchased from The Fort Collins Irrigating Canal Company since 1884, until, beginning with the year 1900 and including the two years subsequent, the water commissioner refused, at all times, upon demand therefor, to turn into, or allow to be turned into, its ditch, the water represented by the rights purchased from the Watrous ditch. In July, 1902, this action was commenced by the Arthur company against the water commissioner, C. C. Hawley, one of the appellees, for the purpose of requiring him to permit, allow and make a change of the point of diversion and use of the priorities so purchased, or, as counsel for appellees contend, to require the water commissioner to recognize the use of such priorities as used since 1884. The New Cache la Poudre Irrigating Company intervened in this action by way of a motion to dismiss, because of the failure upon the part of the plaintiff to comply with the provisions of the act entitled, ''An Act in Relation to Irrigation,'' approved April 6, 1899.—Sess. Laws 1899, p. 235. This motion was overruled. Thereafter, the intervenor interposed its answer and petition in intervention, whereby issues were tendered which, if established, were intended to defeat the right of the plaintiff to the relief demanded. Plaintiff answered this petition, and the issues made by the respective pleadings of the plaintiff and intervenor were found in favor of the former. At the commencement of the trial, the intervenor objected to any evidence being received, for the reason that the complaint did not state facts sufficient to constitute a cause of action, which motion was, also, overruled. A decree was rendered in favor of the plaintiff, from which the intervenor appeals. Many errors are assigned, but we shall consider only the one which relates to the authority of

the court to entertain the action commenced by plaintiff, because it was not in conformity with the provisions of the act of 1899, *supra*.

On this question, this case only differs from *Irrigation Co. v. Water S. & S. Co.*, 29 Colo. 469, in that the claim is made by plaintiff that the change of the point of diversion was fully consummated before the act of 1899 took effect, while, in *Irrigation Co. v. Water S. & S. Co.*, the change was not fully made before that date. The object of the irrigation statutes providing for the adjudication of priorities was to settle such priorities and secure the orderly distribution of water for irrigation purposes. To further effect this object, officials have been designated, whose duty it is to distribute the water in accordance with the adjudication. The decree in such proceedings is the guide for such officials, from which they must determine, in the discharge of their duties, the relative rights of parties, the volume to which different ditches are entitled, the point of diversion, and all other data necessary to a distribution of water in accordance with its provisions. Supplementing these matters, the act of 1899 under consideration was passed. An appropriator of water may change the point of diversion, provided the rights of others are not injuriously affected thereby. The fact that the appropriator has made such change does not settle the question of whether or not other appropriators are thereby injuriously affected. That question cannot be said to be authoritatively settled until judicially determined. Perhaps a long-continued use through a new channel of diversion might be a good defense as against other appropriators; but this, as well as other questions which might be proper to consider in determining the right to change the point of diversion, can only be settled in some appropriate proceeding in which all persons whose

rights may be affected by the change, and who, for this reason, would be entitled to be heard, are before the court. To obtain an order allowing a change in the point of diversion is, in effect, a modification or change in the adjudication decree. In order to protect officials in the discharge of their duties in distributing water, to preserve the peace, to prevent a multiplicity of suits, to relieve the officer from being required to ascertain, at his peril, any of the various questions which he might be required to consider when requested to change the point of diversion, and, finally, that there may be a judicial ascertainment of the right to such change, which shall bind all parties and not leave the place of diversion to the whim of interested parties, the act of 1899 was passed. We are, therefore, of the opinion that, before an appropriator can obtain a decree permitting a substantial change in the point of diversion, which he can enforce as against other appropriators, or require the officer charged with the duty of distributing water to obey, even though he made such change before the act of 1899 took effect, he must proceed in the manner provided by that act. The fact that appellant's rights may or may not be injuriously affected by the change is immaterial. All persons who may be affected by the desired change must be notified of the proceeding, and given an opportunity to be heard before the court is authorized to enter an order allowing such change.—*Irrigation Co. v. Water S. & S. Co., supra; Fluke v. Ford,* 35 Colo. 112.

The judgment of the district court is reversed, and the cause remanded for further proceedings not in conflict with the views expressed in this opinion.

*Reversed and remanded.*

Mr. JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.