[No. 4834.]

ASHENFELTER ET AL. v. CARPENTER ET AL.

**Water and Water Rights—Change of Point of Diversion—Constitutional Law—Ex Post Facto Laws—Remedial Laws.**

The acts of 1899 and 1903 (Sess. Laws '99, p. 235 and Sess. Laws '03, p. 278), prescribing a procedure for changing the point of diversion by the owner of a water right, is not invalid as an ex post facto law, although they apply to changes already made, as these acts are merely remedial.—P. 535.

*Appeal from the District Court of Montrose County.*
*Hon. Theron Stevens, Judge.* ·

Action by John Ashenfelter and James O'Neill, Jene O'Neill, John Tobin, Bernard S. Tobin, Richard Keller, Lena Keller, H. L. Robinson, George Price, John C. Bell, Jesse Bell and J. C. Frees, against L. G. Carpenter, Arthur H. Stokes and W. O. Hersum. From a judgment in favor of defendants, plaintiffs appeal.

Decision *en banc*. *Affirmed.*

Messrs. STORY & STORY, Mr. JOHN GRAY, Messrs. BELL & CATLIN, and Mr. FRED W. HEATH, for appellants.

Messrs. SHERMAN & GRIFFITH, for appellees.

*Per Curiam.*—Excepting one, the questions presented by this appeal are the same as those disposed of adversely to the contention of appellants in *Irrigation Co. v. Water S. & S. Co.*, 29 Colo. 469; *Fluke v. Ford*, 35 Colo. 112; *New Cache la Poudre Irrigating Co. v. Arthur Irrigation Co.*, ante, page 530.

Counsel for appellants contend that, because a change in the point of diversion of the priorities belonging to them was perfected prior to the date when the act of 1899 and the act of 1903, on the same subject (Sess. Laws 1899, p. 235, and Sess. Laws 1903, p. 278), took effect, that appellants are not required

to comply with the provisions thereof in order to maintain an action, the purpose of which is to compel the officials charged with the duty of distributing water to recognize their right to divert water represented by these priorities at the respective points to which the same have been changed, because of the constitutional inhibition against *ex post facto* laws. The fact that a change was made in the point of diversion prior to the date when the acts of 1899 and 1903 took effect, did not render the right to such change a vested one. Prior to these acts, there was no statute on the subject, and, while the courts have recognized that the owner of a priority could change the point of diversion, it was always with the limitation that such change did not injuriously affect the rights of others. The acts in question have not changed the law in this respect, but merely require that a party desiring to change the point of diversion must follow a prescribed procedure, in order to obtain a decree which will permit him to make such change, and bind others taking water from the same source, and which officials charged with the duty of distributing water can be required to obey. These laws are merely remedial. They only prescribe a procedure to be followed, by which the right to make a change in the point of diversion may be judicially settled and determined. They deprive no one of a vested right to such change, because they require a judicial ascertainment of such right, and are no more objectionable upon constitutional grounds than the irrigation statutes, which required, when adjudication proceedings were commenced, that all parties should come in and have their rights determined, by which there would be embodied in a permanent form the evidence of rights previously acquired. Until determined in some appropriate proceeding, the question of whether or not a change in the point of diversion

injuriously affects others is left open for determination at the instance of any one claiming to be injuriously affected by such change. Lapse of time, and all other questions which a party making such change could rely upon in order to establish his right thereto could be invoked, but he cannot have these questions determined in the absence of parties whose rights would be affected by such change. The statutes in question are not designed to divest, and do not have the effect of divesting, any one of a right to such change, whether made before or after the law took effect, but are only intended to have such rights determined in a way which shall bind all parties affected by the change, and thus have evidenced in the form of a decree the right of a claimant to a change in the point of diversion, whether exercised before the law took effect, or to be enjoyed in the future.

The judgment of the district court is affirmed, without prejudice to appellants to maintain the statutory proceeding contemplated by the laws of 1899 and 1903, *supra.*

  Decision *en banc.*   *Judgment affirmed.*